# Supreme Court of Florida

WEDNESDAY, JULY 1, 2026

James Aren Duckett,
　　　　　Appellant(s)

v.

State of Florida,
　　　　　Appellee(s)

**SC2026-0959**

Lower Tribunal No(s).:
351987CF001347AXXXXX

---

We hereby dismiss Appellant's appeal for lack of jurisdiction. Section 925.11, Florida Statutes, and Florida Rule of Criminal Procedure 3.853 do not contemplate the holding of an evidentiary hearing after the results of DNA testing have been provided to the court, the defendant, and prosecuting authority, which all parties agree has occurred here. Appellant's request for an evidentiary hearing is not authorized, and the circuit court's order denying that request is not appealable.

The State's motion to dismiss is hereby denied as moot.

COURIEL, C.J., and MUÑIZ, GROSSHANS, FRANCIS, SASSO, and TANENBAUM, JJ., concur.
LABARGA, J., dissents with an opinion.

LABARGA, J., dissenting.

I write fully aware that section 925.11, Florida Statutes, and

Florida Rule of Criminal Procedure 3.853 do not provide for an appeal of a circuit court's order denying an evidentiary hearing regarding methods and procedures used to obtain DNA results.

As a procedural matter, however, I disagree that this Court lacks jurisdiction to even review the circuit court's order.  Duckett filed his corrected notice of appeal on June 25, 2026, with his post-warrant successive 3.851 appeal (SC2026-0449) and his petition for writ of habeas corpus (SC2026-0450) still pending in this Court.

We have long recognized that "[a]s a practical matter, we routinely entertain appeals from final orders in death penalty collateral proceedings, and on occasion review interlocutory orders in such proceedings" and have further clarified that "in addition to our appellate jurisdiction over sentences of death, we have exclusive jurisdiction to review all types of collateral proceedings in death penalty cases."  *State v. Fourth Dist. Ct. of Appeal*, 697 So. 2d 70, 71 (Fla. 1997) (citations omitted).

With this scope in mind, rather than dismiss Duckett's notice of appeal outright for lack of jurisdiction, we should treat Duckett's notice of appeal as a petition for review of nonfinal order pursuant

to Florida Rule of Appellate Procedure 9.142(c). *See Willacy v. State*, 431 So. 3d 254, 260-61 (Fla.) (treating notice of appeal of post-warrant rule 3.852 public records orders as a petition for nonfinal review), *cert. denied*, No. 25-7220, 2026 WL 1074143 (U.S. Apr. 21, 2026). In doing so, we would then apply the standard set forth in rule 9.142(c)(4)(F).

Not only does this procedural path have precedential value, I find it a more appropriate path given that (1) Duckett's motion seeking an evidentiary hearing relates to proceedings stemming from this Court's April 30, 2026, decision in *Duckett v. State*, 431 So. 3d 990 (Fla. 2026), and (2) his post-warrant successive 3.851 appeal and petition for writ of habeas corpus are still before this Court.

A True Copy
Test:

SC2026-0959  7/1/2026

John A. Tomasino
Clerk, Supreme Court
SC2026-0959  7/1/2026



CD

Served:

CAPAPPEALS TLH ATTORNEY GENERAL
LAKE CLERK
COURTNEY MARIE HAMMER
BRITTNEY LACY
HON. DANIEL B. MERRITT, JR.
CHARMAINE MILLSAPS
NAOMI NICHOLS
KENNETH NUNNELLEY
NICOLE ROCHELLE SMITH
HON. BRIAN JEROME WELKE
MARY WELLS